IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID LIHALAKHA, | § | |
| (TDCJ-CID #1252490) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-04-4580 |
| | § | |
| VICTOR TREVINO, *et al.*, | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM AND OPINION**

Plaintiff, filing *pro se,* claims a violation of his civil rights. On February 1, 2005, this court ordered the plaintiff to submit a more definite statement of the facts involved in this action. (Docket Entry No. 4). The plaintiff was ordered to submit his more definite statement within thirty days of the entry of that order. On February 25, 2005, the plaintiff filed a notice of change of address. (Docket Entry No. 5). In its second order for more definite statement, this court noted that it was not clear if the plaintiff wished to continue this litigation. This court admonished the plaintiff that in the event the plaintiff intended to pursue this lawsuit, he must file a response to this court's second order for more definite statement within thirty days of the entry of that Order.

The plaintiff has not responded to this court's second order for more definite statement of April 5, 2005. (Docket Entry No. 7). The court's order specifically provided that "[f]ailure to comply as directed may result in the dismissal of this action." With regard to this court's Second Order for More Definite Statement, the court must have clear answers

to each of its questions before it can evaluate the merits of the plaintiff's claims.  On April 5, 2005, this court also ordered the plaintiff to pay an initial partial filing fee of $15.00 within thirty days of the entry of that order,  (Docket Entry No. 6), which he has not done.  The plaintiff's failure to comply with this court's orders forces this court to conclude that he lacks due diligence.

Under the inherent powers necessarily vested in a court to manage its own affairs, this court determines that dismissal for want of prosecution is appropriate.  *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995); 8 J. Moore, *Federal Practice* § 41.51(3)(b) & (e) (3d ed. 1998).  Upon a proper showing, relief from this order may be granted in accordance with FED. R. CIV. P. 60(b).  *See Link*, 370 U.S. at 635.

This action is DISMISSED without prejudice for want of prosecution.

SIGNED on May 27, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge